UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY SAYERS, | : |
| Petitioner, | : Civ. No. 19-239 (KMW) |
| v. | : |
| BRUCE DAVIS, et al., | : **MEMORANDUM & ORDER** |
| Respondent. | : |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before this Court is Petitioner's motion to add additional exhibits to the record. (*See* ECF No. 11.) As these exhibits supplement Petitioner's claims and because they also were part of the state court record, Petitioner's motion will be granted.

In analyzing Petitioner's habeas claims, this Court must determine whether the denial of his claims in state court (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d). Respondents did not include the appendix that was included in deciding Petitioner's post-conviction relief (PCR) petition on appeal after remand. Upon reviewing the record that the parties have provided this Court, there are several potential key documents that the state courts relied on that are missing. These documents are as follows:

1. Exhibit S-1 from Petitioner's 2016 PCR hearing – Correspondence Copy from 2007 from Mr. Formica to Defense Attorneys

2. Exhibit S-2 from Petitioner 2016 PCR hearing – Correspondence Copy from 2008 from Mr. Shill to Defense Attorneys

3. Exhibit S-4 from Petitioner's 2016 PCR hearing – Pretrial Memorandum by Mr. Moses and Petitioner Prior to Trial List

4. Somers Point Police Department investigation report dated July 9, 2006.[1]

Given the state courts' reliance on these documents to decide some of Petitioner's claims, before this Court can rule on whether the denial of Petitioner's claims was based on an unreasonable determination of the facts, Respondents shall be ordered to file these documents with this Court.

The state courts also cited to portions of Petitioner's surrender report from the Atlantic City Police Department. (*See* ECF No. 7-31 at 11-12.) With Petitioner's recent supplemental filing, it appears that this Court has the relevant portions of that document, most notably pages 10-12. However, if the full surrender report was part of the record before the state courts, then Respondents shall file that full report as well. However, if only pages 10-12 of that surrender report were part of the state court record, then Respondents shall not file the full report because that would constitute improperly expanding the record that was before the state court when it denied Petitioner's claims.

Accordingly, IT IS on this 22nd day of March, 2022,

ORDERED that Petitioner's motion for leave to add exhibits (ECF No. 11) is granted; and it is further

---

[1] The New Jersey Superior Court, Appellate Division cited to page 3 of this report. (*See* ECF No. 7-31 at 12.) It is not altogether clear whether the full report was part of the state court record, or whether only page 3 was part of the state court record. If the full report was part of the state court record, then Respondents shall file this report with this Court in full. If only page 3 was part of the state court record, then Respondents shall only file that page.

ORDERED that Respondents shall file within seven (7) days of the date of this order: (1) Exhibit S-1 from Petitioner's 2016 PCR proceeding – Correspondence Copy from 2007 from Mr. Formica to Defense Attorneys; (2) Exhibit S-2 from Petitioner 2016 PCR proceeding – Correspondence Copy from 2008 from Mr. Shill to Defense Attorneys; (3) Exhibit S-4 from Petitioner's 2016 PCR proceeding – Pretrial Memorandum by Mr. Moses and Petitioner Prior to Trial List; (4) Somers Point Police Department investigation report dated July 9, 2006; and (5) the full surrender report of the Atlantic County Police Department (but only if the full report was made part of the state court record); and it is further

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

3